UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:

SEAN MASON,

    Plaintiff,

    v.

ROYAL CARIBBEAN CRUISES LTD., and
TROPICAL ADVENTURES ANTIGUA,

    Defendants,

_____/

## COMPLAINT AND JURY DEMAND

Plaintiff, SEAN MASON (hereinafter, "Plaintiff"), by and through undersigned counsel, hereby sues Defendant, ROYAL CARIBBEAN CRUISES, LTD. (hereinafter, "RCCL"), TROPICAL ADVENTURES ANTIGUA (hereinafter "TROPICAL") (hereinafter collectively referred to as, "Defendants"), and alleges:

## THE PARTIES AND JURISDICTION

1. Plaintiff suffered significant personal injury involving personal injury suffered by Plaintiff while aboard a catamaran owned and operated by TROPICAL, while participating in a cruise excursion as part of his RCCL cruise vacation.

2. Plaintiff is, and at all times material hereto, was a resident of the state of Nevada and is *sui juris.*

3. At all times material Plaintiff was a passenger on the Royal Caribbean cruise ship *Anthem of the Seas* (hereinafter "The Vessel").

*Mason v. Royal Caribbean Cruises, Ltd. et. al.*
Case no.:

4.      Defendant, RCCL, is a common carrier engaged in the business of marketing, selling, and operating a cruise line of various ports within the continental United States, including Miami, Florida and the world. Additionally, Defendant is incorporated outside of the State of Florida, but does business in the State of Florida, and at all times material hereto was and is doing business in Miami-Dade County, Florida.

5.      This Court has personal jurisdiction over RCCL because**:**

a.      RCCL is a Liberian cruise line which maintains its principal place of business in Miami-Dade County, Florida;

b.      At all times material thereto, RCCL owned, operated, managed, maintained and/or controlled the vessel, the *Anthem of the Seas*.

6.      TROPICAL is an Antigua corporation with its principal place of business located in St. Johns, Antigua. At all times material thereto, TROPICAL organized, owned and/or operated the subject excursion and catamaran, which was offered, arranged for, sponsored, recommended, marketed, sold, co-operated and/or managed by RCCL.

7.      This Court has personal jurisdiction over TROPICAL because:

a.      TROPICAL, under Florida's long arm Statue, including 48.081, 48.181 and/or 48.193, conducts substantial business in Florida as it derives its main revenue by providing shore excursions to cruise line passengers of Miami, Florida based cruise lines including RCCL.

b.      TROPICAL operates, conducts and/or engages in substantial business or business venture(s) within the State of Florida pursuant to Florida Statute § 48.193(1)(a) and its contacts with Florida are a large part of what enables it to sell its tour packages to cruise ship passengers. These contacts include conducting an ongoing

*Mason v. Royal Caribbean Cruises, Ltd. et. al.*
Case no.:

business relationship with RCCL and other Florida based cruise lines such as Norwegian Cruise Line (Bahamas) Ltd. (hereinafter "NCL"), and CARNIVAL CORPORATION (hereinafter "CCL"), for marketing and selling of tour excursions packages;

c.    Maintaining a bank account in Florida; receiving payment for its excursions in Florida; procuring insurance for the excursion in Florida; traveling to Florida for the purpose of soliciting business; attending business meetings in Florida associated with the provision of excursions;

d.    TROPICAL'S substantial business in the State of Florida is conducted through agents/joint ventures, and partners, such as RCCL;

e.    TROPICAL entered into a Standard Shore Excursion Independent Contractor Agreement with RCCL and other Florida based cruise lines such as, NCL and CCL to provide tours to passengers of these cruise lines.  Pursuant to those agreements, RCCL markets and sells the excursions to its passengers;

f.    TROPICAL acts as a contract service provider for and/or an agent for, partner of and/or was engaged in a joint venture with, RCCL as to excursions provided by RCCL;

g.    TROPICAL has agreed to indemnify RCCL for the claims made in this Complaint within the meaning of Florida Statute 48.193(d);

h.    At all times material thereto, TROPICAL entered into a contract with RCCL, for the express benefit of and express purpose to provide excursion services to RCCL passengers including Plaintiff for, and the protection of RCCL'S passengers, wherein TROPICAL agreed to subject itself to the laws and jurisdiction of the

* BRAIS LAW FIRM *
9300 S. DADELAND BLVD., SUITE 101, MIAMI, FLORIDA  33156 * TEL (305) 416-2901 * FAX (305) 416-2902

State of Florida, consented to and waived the defense of personal jurisdiction, and/or consented to venue in the United States District Court for the Southern District of Florida;

i.      This Court has personal jurisdiction over TROPICAL, under Fla. Stat. 685.101-102, as TROPICAL and RCCL, a Florida Resident and Florida domiciled corporation entered into a Contract whereby RCCL agreed to sell and contract to provide various excursions tickets to its passengers and TROPICAL agreed to provide excursions to RCCL's passengers.   This agreement involved consideration not less than $250,000.00 or was related to an obligation arising out of a transaction involving in the aggravation not less than $250,000.00. This contract included a choice of law provision designating General Maritime Law of the United States and/or Florida law as the law governing the contract. TROPICAL also consented to the personal jurisdiction and forum in the Southern District of Florida in the event of any lawsuit to which RCCL is a party and which is related to, in connection with, arising from or involving the excursions it provides.   This agreement does not violate the Constitution.  As such, TROPICAL waived personal jurisdictional defenses to this suit.

j.      Within its contract with the various Florida-based cruise lines, including TROPICAL, TROPICAL has agreed to forum selection clauses wherein disputes between it and the cruise lines are resolved in Florida courts;

8.    Alternatively, this Court has personal jurisdiction over TROPICAL ADVENTURES under Fed. R. Civ. P. 4(k)(2) because:

a.   All claims alleged in this civil action are governed under the Federal General

*Mason v. Royal Caribbean Cruises, Ltd. et. al.*
Case no.:

Maritime Law; and,

    b.  TROPICAL ADVENTURES has purposefully availed itself of the privilege of conducting activities within the United States as a whole by:

        i.  Targeting United States tourists in their promotional efforts and by advertisement within the United States including through its:

        ii.  Official Website: https://tropicalad.com/node/3,

        iii.  Facebook page: https://www.facebook.com/ExcellenceCruisesAntigua/,

        iv.  Instagram: https://www.instagram.com/tropicaladventuresantigua/?hl=en,

        v.  YouTube:

        https://www.youtube.com/channel/UC7eQotXK1Oacp2Asw1SbwMg/videos?app=desktop,

        vi.  TripAdvisor: https://www.tripadvisor.com/Attraction_Review-g147243-d1846671-Reviews-Tropical_Adventures_Excellence_Catamaran-St_John_s_Saint_John_Parish_Antigua_Anti.html

        vii.  Viator: https://www.viator.com/tours/St-Johns/The-Excellence-Power-Catamaran/d22047-65562P4.

    c.  Advertising and promoting its excursion packages through business relationships with RCCL, NCL, and/or RCCL, and/or,

    d.  Contracting to provide Catamaran Cruise services through RCCL'S website, which is administered in Florida and/or the United States.

9.  The Court has diversity subject matter jurisdiction pursuant to 28 U.S.C. § 1332 as this is a civil action in which the matter in controversy far exceeds the sum or value of $75,000,

* BRAIS LAW FIRM *
9300 S. DADELAND BLVD., SUITE 101, MIAMI, FLORIDA  33156 * TEL (305) 416-2901 * FAX (305) 416-2902

exclusive of interest and costs, and is between citizens of difference States and/or citizens of a State and citizens or subjects of a foreign state.

10.   This Court also has Admiralty subject matter jurisdiction pursuant to 28 U.S.C. § 1333 as  this case involves a maritime tort. The type of incident and injuries suffered by Plaintiff had the   potential to impact maritime commerce as shore side excursions are a part of the cruise experience   and sold by cruise lines aboard their cruise ships. This action is being filed in this Court pursuant  to the terms and conditions in the Passenger Contract Ticket issued by Defendant RCCL.

11.   Venue is proper as the subject cruise ticket contract selects this Court as the venue for this civil action as well as maintains its principal places of business within this District.

## GENERAL ALLEGATIONS

12.   RCCL entered into an agreement with TROPICAL in which RCCL agreed to market, meaning offer excursions to its cruise passenger, and sell, meaning contract with and collect money from its passengers.  In turn, RCCL contracted with TROPICAL for TROPICAL to provide the services, offered by RCCL during the subject excursion.

13.   RCCL markets the subject excursion through its website, print material, onboard announcements and onboard television programming.

14.   Plaintiff and his family booked a cruise aboard the *Anthem of the Seas* with RCCL.

15.   After completing the booking of the cruise on the RCCL website, RCCL bombarded Plaintiff with different shore excursions to purchase.  One of those excursions was a "Catamaran Cruise with Lobster Lunch" excursion in St. Johns, Antigua, the excursion of the subject incident (hereinafter "subject excursion").

16.   Once onboard *Anthem of the Seas*, RCCL continued to bombard Plaintiff with

different shore excursions to purchase.

17.   Plaintiff purchased the subject excursion on RCCL's website with the understanding that RCCL was operating this excursion.

18.   The fee for the excursion was charged to the Plaintiff and collected from the Plaintiff by RCCL via Seapass.

19.   Based upon the information and documents provided by RCCL and the fact that he was purchasing it from RCCL, Plaintiff believed that RCCL had contracted with him to provide the excursion and that the excursion was either operated by RCCL or through an agent/partner of or service provided hired by RCCL.  Moreover, Plaintiff trusted  that being a RCCL excursion, its agent and/or service provider would adhere to the highest safety standards in the industry.

20.   To all outward appearances, RCCL contracted with Plaintiff to provide the excursion and that RCCL was the operator of the excursion and / or the excursion was being provided by an agent / partner or service provide hired by RCCL and,  any representations contained in any of the fine print of its literature never expressly advised Plaintiff that the circumstances were otherwise and/or that the well-recognized industry wide safety standards would not be governed.

21.     Plaintiff would not have participated in the subject excursion had he known the excursion was not operated by RCCL and/or operated by a RCCL service provider adhering to well-recognized industry wide safety standards.

22.   **DATE OF INCIDENT**:  The incident which is the subject of this civil action occurred on or about December 17, 2021.

23.   **LOCATION OF THE INCIDENT:** The incident occurred while SEAN MASON

* BRAIS LAW FIRM *
9300 S. DADELAND BLVD., SUITE 101, MIAMI, FLORIDA  33156 * TEL (305) 416-2901 * FAX (305) 416-2902

was on an excursion in Antigua offered by RCCL.

24.   **<u>STATUS OF PLAINTIFF:</u>** At all times material hereto, Plaintiff was a fare paying passenger and, as such, an invitee on The Vessel owned and/or operated by ROYAL CARIBBEAN CRUISES, LTD.

25.   On December 17, 2021, the *Anthem of the Seas* called on St. Johns, Antigua.

26.   SEAN MASON and his family disembarked the *Anthem of the Seas* in St. Johns and were transported to another dock where the excursion catamaran waited as part of the catamaran cruise excursion.

27.   SEAN MASON and his family boarded the excursion catamaran at approximately 9:00 a.m. and sat to the left of the bar and captain's area.

28.   While heading out to the beach break site, the crew attempted to set up the sail but they quickly determined it was too windy and took the sail down. During this time, Plaintiff and other passengers noticed crew members instructing other crew members on how to lengthen the lines with the crank.

29.   The catamaran transported them, as well as others who purchased the catamaran excursion from RCCL to a designated area where passengers disembarked to swim and shop before lunch was served.

30.   While the catamaran was returning to the dock, the crew members decided to attempt to raise the sail once more.

31.   After ten to fifteen minutes of the sail being up, the mast to Plaintiff's right broke off and crashed into the catamaran's cover, crushing it in. The mast then continued falling further, striking Plaintiff in the back and knocking him unconscious.

32.   Plaintiff then fell to the ground and was unable to move.

*Mason v. Royal Caribbean Cruises, Ltd. et. al.*
*Case no.:*

33. One of the sails then came crashing down to the catamaran floor and, shortly after that, another mast broke and came down upon a crewmember.

34. The high winds continued to blow sails and cables across the deck of the catamaran, striking Plaintiff and the passengers who were assisting him

35. The catamaran sailed to a beach with access for medical care.

36. While waiting at that beach, another catamaran owned by TROPICAL arrived at the same location and the passengers were combined. At that time, passengers from the sister catamaran complained that the wind was too strong and that the crew members on their catamaran did not put up the sails during the entire excursion.

37. Following the incident, the crewmembers stated they should not have put the sail up and apologized several times.

38. The crewmember who was injured on the catamaran apologized several times at the hospital and stated that several crew members were in training and were not properly trained on how to handle the situation that presented.

39. As a result, Plaintiff suffered serious, debilitating and permanent injuries and/or aggravation of pre-existing injuries to his back and ankle, specifically including but not limited to T12 and L2 compression fractures. These injuries caused Plaintiff extreme pain and required medical care and treatment.

40. Defendants were well aware of risks posed to their cruising passengers due to prior injuries caused by high winds. [INSERT NOTICE

## COUNT I
## BREACH OF NON-DELEGABLE DUTY AGAINST RCCL

41. Plaintiff readopts and realleges each and every allegation contained in paragraphs 1 through 40 as though fully set forth herein, and further alleges as follows:

*Mason v. Royal Caribbean Cruises, Ltd. et al.*
Case no.:

42.   RCCL contractually offered to provide an excursion to Plaintiff to participate in RCCL's excursion.  Plaintiff accepted that contractual offer and provided consideration to RCCL by purchasing the excursion from RCCL.

43.   By promoting, vouching for, contracting for and profiting from the excursion ticket contract, RCCL owed Plaintiff the non-delegable contractual duty to provide him with a reasonably safe excursion.  *Witover v. Celebrity*, 2016 WL 661065 (S.D. Fla. 2016).

44.   Furthermore, RCCL and Plaintiff agreed to orally modify the excursion contract based upon RCCL's promises that its contracted-for excursions utilized "the best local providers at every port of call" and by virtue of RCCL vouching for the safety/insurance record of the party with whom it independently contracted (TROPICAL).

45.   RCCL breached its non-delegable contractual and/or tort duty to provide a reasonably safe excursion by committing one or more of the following acts:

   a.   Failing to select a reasonably safe excursion operator;

   b.   Failing to provide reasonably safe conditions for Plaintiff on an excursion. Said safe conditions include, but are not limited to, crew that is properly trained on when and how to lift sails under the proper weather conditions;

   c.   Failing to implement a reasonable system of tracking prior similar incidents and other incidents on the subject excursion or other excursions with the subject operators, so that reasonable steps could be taken to understand the trend of the incidents and to implement reasonable protocols, policies and procedures to prevent or reduce the number of incidents and the resulting injuries to passengers;

   d.   Failing to implement and enforce rules governing the operation of excursions by excursion operators;

*Mason v. Royal Caribbean Cruises, Ltd. et al.*

Case no.:

    e.   Failing to adhere to its advertised material representations with regard to the care and safety of passengers aboard its vessels during excursions offered by RCCL found within various sources of information provided to prospective passengers including, but not limited to literature and RCCL's website;

    f.   Failing to fulfill their representations made in their literature, on-line and otherwise about the safety during its excursions;

    g.   Failing to make, create and maintain a safe environment for passengers as advertised; and/or

    h.   Other acts of negligence and fault which will be proven at trial.

46.    With regard to the alleged unsafe, dangerous or defective condition(s), policy(ies) or procedure(s), RCCL:

    a.   Knew of the foregoing conditions, policies or procedures in advance of the subject incident, but did not correct or warn of such, or

    b.   The foregoing conditions, policies or procedure existed for a sufficient length of time so that Defendant, in the exercise of reasonable care under the circumstances, should have known of such, but did not correct or warn of them, or

    c.   Insofar as relates to the foregoing conditions, policies or procedures not created by the Defendant, Defendant's knowledge was or should have been acquired through (i) prior similar incident(s) and/or (ii) through its maintenance, inspection and/or observation(s) of the aforesaid  conditions, policy(ies) or procedure(s) through shipboard personnel present at times leading up to and/or at the time of the subject incident or who otherwise were charged with such duties and/or (iii)

* BRAIS LAW FIRM *
9300 S. DADELAND BLVD., SUITE 101, MIAMI, FLORIDA  33156 * TEL (305) 416-2901 * FAX (305) 416-2902

Case 1:22-cv-22436-DPG   Document 1   Entered on FLSD Docket 08/02/2022   Page 12 of 21
*Mason v. Royal Caribbean Cruises, Ltd. et. al.*
Case no.:

through implementation of policies and/or procedures intended to prevent creation of such, but did not correct or warn of them, or

d.  Insofar as relates to the foregoing conditions, policies or procedures created by the Defendant, by or through a person or entity acting for or on its behalf, knowledge or notice on the part of the Defendant is obviated because Defendant is indirectly / vicariously liable.

47.  As a result of RCCL's contractual and/or tortious breach of its non-delegable duty to provide a safe excursion, Plaintiff suffered bodily injury and possibly aggravation of preexisting conditions, pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of medical care and treatment.  Plaintiff's injuries are permanent and all or some of his damages will continue into the future.

48.  RCCL is at fault for causing the above injuries and is liable to Plaintiff for the above described damages which are continuing and/or permanent in nature.

WHEREFORE, the Plaintiff respectfully demands judgment against RCCL for all damages which are recoverable under the General Maritime Law and any and all other damages or relief which the Court deems just or appropriate or may be available by virtue of these proceedings, including trial by jury.

**COUNT II**
**(NEGLIGENCE AGAINST TROPICAL)**

49.  Plaintiff re-alleges all allegations pled in paragraphs 1 through 40 above as if alleged fully herein.

50.  TROPICAL owed Plaintiff the duty to exercise reasonable care under the circumstances for his safety and the duty to warn Plaintiff of all dangers it knew or should have known.

* BRAIS LAW FIRM *
9300 S. DADELAND BLVD., SUITE 101, MIAMI, FLORIDA  33156 * TEL (305) 416-2901 * FAX (305) 416-2902

*Mason v. Royal Caribbean Cruises, Ltd. et al.*
*Case no.:*

51. TROPICAL was negligent as it breached its duty by:

    a. Failing to provide reasonably safe conditions for Plaintiff aboard the catamaran. Said safe conditions include, but are not limited to, the prevention of permitting an atmosphere to exist wherein crewmembers could wrongfully raise sails in hazardous conditions;

    b. Failing to implement a reasonable system of tracking prior similar incidents and other incidents on excursion and other excursions, so that reasonable steps could be taken to understand the trend of the incidents and to implement reasonable protocols, policies and procedures to prevent or reduce the number of incidents and the resulting injuries to passengers;

    c. Failing to provide or sufficiently provide a reasonably safe excursion, free from the risk of being injured through the improper use of sails and lack of training of crewmembers;

    d. Allowing dangerous conditions to exist on the excursion notwithstanding prior similar incidents on the excursion and other excursions;

    e. Failing to exercise reasonable care for the safety of its passengers, and creating dangerous conditions in and around the subject catamaran;

    f. Failing to implement reasonable and proper methods to prevent injuries to passengers;

    g. Failing to adequately investigate prior similar incidents on the excursion and other excursions;

    h. Failing to implement a method of operation which was reasonable and safe and would prevent dangerous conditions such as the one in this case;

    i. Failing to promulgate and/or enforce adequate policies and/or procedures to

* BRAIS LAW FIRM *
9300 S. DADELAND BLVD., SUITE 101, MIAMI, FLORIDA  33156 * TEL (305) 416-2901 * FAX (305) 416-2902

*Mason v. Royal Caribbean Cruises, Ltd. et. al.*

Case no.:

prevent injuries to passengers during excursions;

    j.   Failing to make, create, and maintain a safe environment for passengers aboard the catamaran; and/or

    k.   Other acts of negligence and fault which will be proven at trial.

52.    With regard to the alleged unsafe, dangerous or defective condition(s), policy(ies) or procedure(s), TROPICAL:

    a.   Knew of the foregoing conditions, policies or procedures in advance of the subject incident, but did not correct or warn of such, or

    b.   The foregoing conditions, policies or procedure existed for a sufficient length of time so that Defendant, in the exercise of reasonable care under the circumstances, should have known of such, but did not correct or warn of them, or

    c.   Insofar as relates to the foregoing conditions, policies or procedures not created by the Defendant, Defendant's knowledge was or should have been acquired through (i) prior similar incident(s) and/or (ii) through its maintenance, inspection and/or observation(s) of the aforesaid  conditions, policy(ies) or procedure(s) through shipboard personnel present at times leading up to and/or at the time of the subject incident or who otherwise were charged with such duties and/or (iii) through implementation of policies and/or procedures intended to prevent creation of such, but did not correct or warn of them, or

    d.   Insofar as relates to the foregoing conditions, policies or procedures created by the Defendant, by or through a person or entity acting for or on its behalf, knowledge or notice on the part of the Defendant is obviated because Defendant is indirectly / vicariously liable.

* BRAIS LAW FIRM *
9300 S. DADELAND BLVD., SUITE 101, MIAMI, FLORIDA  33156 * TEL (305) 416-2901 * FAX (305) 416-2902

*Mason v. Royal Caribbean Cruises, Ltd. et al.*
Case no.:

53.   As a result of TROPICAL'S negligence, Plaintiff suffered bodily injury and possibly aggravation of preexisting conditions, pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of medical care and treatment. Plaintiff's injuries are permanent and all or some of his damages will continue into the future.

54.   WHEREFORE, Plaintiff demands judgment against TROPICAL for all compensatory damages suffered as a result of the of the company's negligence together with all taxable court costs and pre and post judgment interest.

**COUNT III**
**NEGLIGENCE AGAINST RCCL**
**(APPARENT AGENCY OR AGENCY BY ESTOPPEL THEORY)**

55.   Plaintiff re-alleges all allegations pled in paragraphs 1 through 40 above as if alleged fully herein.

56.   RCCL held out the owners and/or operators of the catamaran excursion as its apparent agent. RCCL represented to its cruise passengers, including but not limited to Plaintiff that the operator of the catamaran excursion was acting for the benefit of RCCL. Included among these representations, were the following:

a.   From the moment that Plaintiff purchased his cruise ticket, RCCL bombarded its passengers with a series of internet, brochures and other media, all of which advertise the availability and safety of various RCCL excursions, which were presented as an integral part of the "cruise ship experience." These excursions were marketed as excursions which were not independent of RCCL, and which were distinguished from other, allegedly less safe excursions, which were not RCCL excursions; and/or,

b.   RCCL marketed the subject excursion on its website; and/or,

* BRAIS LAW FIRM *
9300 S. DADELAND BLVD., SUITE 101, MIAMI, FLORIDA  33156 * TEL (305) 416-2901 * FAX (305) 416-2902

*Mason v. Royal Caribbean Cruises, Ltd. et al.*

*Case no.:*

    c.   RCCL maintained a shore excursion desk manned by crew members on *ANTHEM OF THE SEAS* which promoted, advertised, explained, coordinated and supervised its excursions, including the subject catamaran excursion;

    d.   TROPICAL was not identified as the owner/operator of the catamaran excursion at any time when it was being marketed by RCCL and purchased by its passengers, including Plaintiff herein;

    e.   The excursions, including the subject catamaran excursion, were paid for by passengers by charging them to the passengers' onboard account or through the passenger's account maintained with the cruise line website;

57.   As a result of these numerous and pervasive representations, Plaintiff had a reasonable belief that the Operator had the authority to act for the benefit of RCCL. Plaintiff detrimentally relied upon these representations by purchasing the excursion experience and would not have purchased this excursion if he had not believed that the Operator was RCCL'S agent. Plaintiff reasonably acted upon such beliefs in purchasing the RCCL excursion because any contrary or conflicting representations were hidden deep in fine print on the RCCL website in what appears to be a purposeful attempt to hide them. Plaintiff so relied to his detriment, purchasing the excursion resulting in his injury.

58.   At all material times, RCCL is estopped from denying that TROPICAL was its agent or employee.

59.   RCCL is therefore legally responsible for the foregoing acts of negligence of TROPICAL set forth in Count II, including all subparts, which were a direct and proximate cause of the injuries of Plaintiff.

60.   As a direct and proximate result of the aforementioned carelessness and negligence of

* BRAIS LAW FIRM *
9300 S. DADELAND BLVD., SUITE 101, MIAMI, FLORIDA  33156 * TEL (305) 416-2901 * FAX (305) 416-2902

*Mason v. Royal Caribbean Cruises, Ltd. et. al.*
*Case no.:*

RCCL, Plaintiff sustained the serious, catastrophic and permanent injuries and damages set forth herein.

61.   As a direct and proximate result of the aforesaid negligence, Plaintiff suffered bodily injury and possibly aggravation of preexisting conditions, pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of medical care and treatment.  Plaintiff's injuries are permanent and all or some of his damages will continue into the future.

62.   WHEREFORE, Plaintiff demands judgment against RCCL for all compensatory damages suffered as a result of the of the company's negligence together with all taxable court costs and pre and post judgment interest.

**COUNT IV**
**NEGLIGENT SELECTION AND HIRING**
**OF EXCURSION TOUR OPERATOR AGAINST RCCL**

63.   Plaintiff re-alleges all allegations pled in paragraphs 1 through 40 above as if alleged fully herein.

64.   RCCL owed Plaintiff a duty of reasonable care in the circumstances.

65.   This duty required Defendant to investigate the tour operator before selecting and hiring the tour operator to transport Plaintiff and other passengers over open water in a catamaran and, having performed a thorough investigation, not to retain or hire an independent contractor whose methods of operation were reasonably foreseeable to cause harm to RCCL'S passengers such as Plaintiff herein.

66.   At all times material, Plaintiff used reasonable care for his own safety.

67.   Notwithstanding Defendant's duty as aforesaid, Defendant breached its duty to Plaintiff by a) failing to make a proper investigation as to the fitness and competency of the

* BRAIS LAW FIRM *
9300 S. DADELAND BLVD., SUITE 101, MIAMI, FLORIDA  33156 * TEL (305) 416-2901 * FAX (305) 416-2902

*Mason v. Royal Caribbean Cruises, Ltd. et al.*

Case no.:

operator(s) of the catamaran that were to be used to transport passengers like Plaintiff for catamaran excursions; and b) failing to investigate whether others had been injured during snorkeling excursions ran by TROPICAL before selecting, hiring or retaining TROPICAL.

68.   In the alternative, RCCL knew of some or all of the foregoing conditions alleged above; that RCCL received complaints from previous passengers about incompetent and/or unfit operation and/or the safety of TROPICAL'S catamaran tours; and/or; that RCCL was told by its passenger(s) that they suffered injuries during the catamaran tours operated by TROPICAL; and that RCCL failed to timely investigate complaints and/or injuries to other excursion participants previous to the subject incident and as a consequence failed to terminate the subject excursion and/or failed to warn cruise participants of known dangers.

69.   As a direct and proximate result of RCCL'S failures to properly investigate TROPICAL and the operation of the excursion catamaran, or in the alternative, in investigating the excursion having learned of some or all of the deficiencies in the operation of the excursion as hereinbefore alleged and selected, hired or retained the tour operator, RCCL was negligent and failed to use reasonable care in the circumstances in selecting and hiring the independent contractor TROPICAL to provide the catamaran snorkeling excursion to Plaintiff.

70.   At all times material, the dangerous conditions on the tour existed for a sufficient period of time that Defendant had constructive knowledge of the dangerous conditions and/or Defendant failed to reasonably inquire into the competency of the shore excursion operator prior to selection of the tour operator and/or Defendant had actual knowledge of the incompetency of the shore excursion operator hereinbefore alleged to have caused or contributed to causing Plaintiff's injury and/or the incompetency of the shore excursion operator hereinbefore alleged to have caused or contributed to causing Plaintiff's injury existed for a sufficient period of time prior

* BRAIS LAW FIRM *
9300 S. DADELAND BLVD., SUITE 101, MIAMI, FLORIDA  33156 * TEL (305) 416-2901 * FAX (305) 416-2902

to selection that Defendant had constructive knowledge of the incompetency.

71.   As a direct and proximate result of Defendant's negligent selection and hiring of an independent contractor, the Plaintiff went on the excursion and Plaintiff suffered bodily injury and possibly aggravation of preexisting conditions, pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of medical care and treatment. Plaintiff's injuries are permanent and all or some of his damages will continue into the future

72.   As a result of TROPICAL'S unfit and/or incompetent operation of the catamaran, Plaintiff suffered bodily injury and possibly aggravation of preexisting conditions, pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of medical care and treatment.  Plaintiff's injuries are permanent and all or some of his damages will continue into the future.

73.   WHEREFORE, Plaintiff demands judgment against RCCL for all compensatory damages suffered as a result of the of the company's negligence together with all taxable court costs and pre and post judgment interest.

**COUNT V**
**NEGLIGENT RETENTION**
**OF EXCURSION TOUR OPERATOR AGAINST RCCL**

74.   Plaintiff re-alleges all allegations pled in paragraphs 1 through 40 above as if alleged fully herein.

75.   RCCL owes its passengers, including Plaintiff, the legal duty to exercise reasonable care which includes not offering and/or discontinue advertised excursions operated by tour companies who are unfit and/or incompetent.

76.   RCCL breached its legal duty by offering and selling a catamaran excursion operated by TROPICAL to Plaintiff when, prior to Plaintiff's injury:

*Mason v. Royal Caribbean Cruises, Ltd. et. al.*
*Case no.:*

    a.   Other RCCL cruise passengers were injured due to TROPICAL negligence in operating catamaran tours;

    b.   RCCL received complaints from previous passengers about incompetent and/or unfit operation and/or the safety of TROPICAL'S catamaran tours; and/or;

    c.   RCCL was told by its passenger(s) that they suffered injuries during the catamaran tours operated by TROPICAL.

    d.   RCCL failed to timely investigate complaints and/or injuries to other excursion participants previous to the subject incident and as a consequence failed to terminate the subject excursion and/or failed to warn cruise participants of known dangers.

77.   RCCL knew of TROPICAL'S unfitness and/or incompetence but continued to offer and sell excursions operated by that company to Plaintiff.

78.   As a result of TROPICAL'S unfit and/or incompetent operation of the catamaran, Plaintiff suffered bodily injury and possibly aggravation of preexisting conditions, pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of medical care and treatment.  Plaintiff's injuries are permanent and all or some of his damages will continue into the future.

WHEREFORE, Plaintiff demands judgment against RCCL for all compensatory damages suffered as a result of the of the company's negligence together with all taxable court costs and pre and post judgment interest.

## DEMAND FOR JURY TRIAL

The Plaintiff hereby demands trial by jury of all issues so triable of right.

    DATED: August 2, 2022       **BRAIS LAW FIRM**
                                *Attorneys for Plaintiff*

* BRAIS LAW FIRM *
9300 S. DADELAND BLVD., SUITE 101, MIAMI, FLORIDA  33156 * TEL (305) 416-2901 * FAX (305) 416-2902

*Mason v. Royal Caribbean Cruises, Ltd. et al.*
Case no.:

Dadeland Office Park
9300 S. Dadeland Blvd., Suite 101
Miami, Florida 33156
Telephone: (305) 416-2901
Facsimile:  (305) 416-2902

By: */s/ Keith S. Brais*
     KEITH S. BRAIS
     Florida Bar No. 863319
     kbrais@braislaw.com
     MICHELLE Y. GURIAN
     mgurian@braislaw.com
     Florida Bar No.: 100312